## RUTH E. YABENY

### Plaintiff-Appellee

### vs.

## JEAN TOME, IRENE KELLY,
## GEORGE KELLY and JOE JACK

### Defendants-Appellants

### Decided on December 1, 1978

Damon L. Weems, Farmington, New Mexico, for Plaintiff-Appellee

Donald Benally, Shiprock, New Mexico, for Defendants-Appellants

Before NESWOOD, Acting Chief Justice, BLUEHOUSE and WALTERS, Associate Justices

NESWOOD, Acting Chief Justice

This case is on appeal from a judgment of the Shiprock District Court that found that the defendants have been trespassing upon the customary use area of the plaintiff and which designated use area 0498 as belonging to the plaintiff.

Defendants appealed.

The sole issues heard on oral argument were whether all administrative remedies were exhausted and whether the evidence supports the findings of the District Court. For the reasons explained below, we did not reach the second issue.

This Court concludes that remedies were exhausted before

the Beclabito Chapter and the District 12 Grazing Committee. The Chapter passed a resolution on October 10, 1976 upholding the rights of the defendants. The Grazing Committee was given six months in 1975 and 1976 to resolve this dispute. In a letter dated May 27, 1976 and filed with the District Court on June 7, 1976 the Committee admitted it could not reach a decision and asked the Court for an extension of time. The matter was subsequently resubmitted to the Committee again and they again failed to reach a decision, at which point the District Court took jurisdiction over the action and rendered its judgement.

While it is true that the District Court, on resubmitting this case to the Grazing Committee, did not give the Committee sixty (60) days as called for in Brewster v. Bee, Navajo Court of Appeals (March 3, 1977), we believe that the period of time that was given, when coupled with the prior six month period, was more than adequate. The District Committee having failed to reach any sort of agreement, we deem the administrative remedies at this level to be exhausted.

The one committee that has not dealt with this matter, however - which has, in fact, consistently refused to do so - is the Resources (Central) Committee. This level of administrative remedy was not exhausted and therefore the District Court did not properly have jurisdiction over this subject matter.

The judgment of the District Court is REVERSED.

The matter is REMANDED the the Resources (Central) Committee. If that Committee fails to reach a decision within sixty (60) days of the date of this opinion, the plaintiff's administrative remedies will be deemed to be exhausted for purposes of appeal to the District Court.

BLUEHOUSE, Associate Justice, concurs.

WALTERS, Associate Justice, dissenting

I respectfully dissent. In my opinion, this case has gone on long enough in both the administrative bodies and the Court.

The District Grazing Committee has been given more than ample time to reach a decision. In fact, the time they have been allowed exceeds the period mandated by our decison in Brewster v. Bee.

Over this same period of time, the Resources (Central) Committee has repeatedly refused to act as well. I do not see why we should now give the Resources Committee another sixty (60) days during which they will probably refuse to act again.

Additionally, remanding this case to the Resources Committee and then allowing appeal to the District Court once again may impose an an insurmountable financial burden on the plaintiff.

Because I believe the evidence in this case supports the

findings of the District Court and for the reasons stated above, I would AFFIRM the decision of the Shiprock District Court.